279 Pa. Superior Ct. 127 (1980)
420 A.2d 1064
COMMONWEALTH of Pennsylvania,
v.
J.T.,[*] Appellant.
Superior Court of Pennsylvania.
Argued September 11, 1978.
Filed May 16, 1980.
*128 Stephen D. Tompkins, Carlisle, for appellant.
No appearance entered nor briefs submitted for appellee.
Before CERCONE, SPAETH, and LIPEZ, JJ.
CERCONE, President Judge:
On December 12, 1969, appellant's former husband obtained a court order committing her, pursuant to Section 4406 of the Mental Health and Mental Retardation Act of 1966, Act of October 20, 1966, Special Sess. No. 3, P.L. 96, Art. IV, § 406, 50 P.S. § 4406 (since repealed), to Philhaven Hospital for a period of ten days.
On May 2, 1977, appellant filed a petition requesting the Court of Common Pleas of Cumberland County to declare its prior order of December 12, 1969, null and void for lack of due process, and to have the court records of her commitment expunged.
On December 9, 1977, the lower court concluded that its prior commitment order was indeed null and void as having not been entered in compliance with the due process clause of the United States Constitution and the Mental Health and Mental Retardation Act of 1966, supra. In addition, the court stated that: "The prothonotary is ordered and directed to seal this order in the above-captioned file and is further ordered and directed to delete the named petitioner in the above-captioned action from the indices and the docket books in the prothonotary's office relating to this matter." Appellant's sole contention is that the court records of her commitment should be expunged not merely sealed as the court below directed. We agree.
*129 Our Supreme Court's recent decision in Wolfe v. Beal, 477 Pa. 477, 384 A.2d 1187 (1978), implicitly recognizes the expediency of the relief sought by appellant. The petitioner in Wolfe requested the trial court to declare her earlier involuntary mental commitment null and void and to expunge all records which were created as a result of the illegal commitment. The trial court agreed that petitioner's prior commitment was in violation of her due process rights and ordered its own court records expunged. However, the trial court was of the opinion that it lacked the authority to order the destruction of the hospital records pertaining to the petitioner's commitment. On appeal, the Commonwealth Court likewise concluded that it was without authority to order destruction of the hospital records. Wolfe v. Beal, 23 Pa.Cmwlth. 475, 353 A.2d 481 (1976). In reversing the Commonwealth Court's decision and holding that a person unlawfully committed to a mental hospital has a right to the destruction of the hospital records pertaining to that commitment, the Supreme Court pertinently observed:
"The Pennsylvania Constitution specifically provides that `all men . . . have certain inherent and indefeasible rights, among which . . . [is] acquiring, possessing, and protecting. . . reputation . . .' Const. Art. 1, § 1. We cannot ignore the fact that many people in our society view mental illness with disdain and apprehension. We, in Commonwealth ex rel. Magaziner v. Magaziner, 434 Pa. 1, 253 A.2d 263 (1969), approved of the concept of protecting the reputation of a person who was unlawfully thrust into the criminal process by sanctioning the expungement of his criminal record. We should not do less for appellant. The continued existence of the hospital records pose a threat to appellant's reputation." Wolfe v. Beal, 477 Pa. at 480, 384 A.2d at 1189.
To be sure, the question of expungement of court records arising from an illegal commitment was not at issue in Wolfe simply because the lower court's decision to order such relief was not challenged. However we think it clear that the Court's reasoning regarding destruction of the hospital records is equally applicable to the issue sub judice. *130 Be they hospital records or court records, the dispositive fact is that they originated as a result of an illegal proceeding subsequently declared null and void; and, in either case, their "continued existence . . . pose a threat to appellant's reputation." Id. Under such circumstances, and in the absence of any compelling reason to the contrary offered by the Commonwealth, justice demands that appellant be returned to a position as near as possible as that which she enjoyed prior to the illegal commitment; namely, an unsullied record. See Bilick v. Dudley, 356 F.Supp. 945 (S.D.N.Y. 1973); United States v. McLeod, 385 F.2d 734 (5th Cir. 1967).
Accordingly, that portion of the lower court order declaring its previous order of commitment of December 12, 1969, null and void is affirmed. However, that portion of the order directing the records of the commitment be sealed is reversed with directions that all court records pertaining to appellant and concerned with this particular case are ordered to be expunged.
NOTES
[*] Due to the regrettable and embarrassing circumstances surrounding appellant's commitment, we have granted her request not to refer to her by name in this opinion.