ERVIN, Chief Judge.
This is an appeal from an order denying appellant’s motion for expungement of her involuntary mental examination under Section 394.463(2), Florida Statutes (1983). We affirm.
In April 1983, appellant’s brother-in-law petitioned the circuit court for an involuntary mental examination of appellant. After an ex-parte hearing, during which appellant’s brother-in-law testified and her sister spoke with the court over the telephone, the court issued an order of involuntary examination. See Section 394.463, Florida Statutes (1983). Appellant was admitted for evaluation purposes, evaluated, and shortly thereafter discharged with the “understanding” that she would follow-up with outpatient visits. In July 1983, appellant filed her motion for expungement of the clinical record of her involuntary examination, to relieve her “of the liabilities of giving a false statement should she omit to report” that event on a job or licensing application. Appellant fears the stigma often attached to those persons previously examined or treated for mental illness and the prejudice it tends to create among prospective employers. During a hearing on appellant’s motion, appellant testified that her sister and brother-in-law misrepresented to the court the facts which gave rise to the order of involuntary examination. The court, however, denied with prejudice the motion for expungement on the ground that there is no authority for the relief sought.
While there is no statutory right to ex-pungement of mental health records, the Baker Act does provide for confidentiality of such records, permitting their release under only certain narrowly confined conditions. Section 394.459(9), Florida Statutes. Appellant seeks relief identical to that permitted an individual who is arrested “contrary to law or by mistake or when the record no longer serves a useful purpose.” Section 943.058(1). After expunction of the criminal history record, the individual “may lawfully deny or fail to acknowledge the events covered by the expunged or sealed records”, except in a few situations. Section 943.058(6)(b).
We accept the rule adopted by the Pennsylvania courts insofar as it states that expungement of all hospital and court records is a proper remedy in those situations where the records are the result of an illegal commitment or an illegal involuntary examination proceeding. Wolfe v. Beal, 477 Pa. 477, 384 A.2d 1187 (1978) (hospital records); Commonwealth v. J.T., 279 Pa.Super. 127, 420 A.2d 1064 (Pa.Super.Ct.1980) (court records). Pursuant to that rule, we relinquished jurisdiction to the trial court, directing it to review the proceedings and, in the exercise of its inherent equitable powers, make findings regarding whether appellant’s involuntary examination was the result of falsehood or perjury. We authorized the trial court to grant appellant’s motion for expungement if the involuntary examination was the result of falsehood or penury.
The trial court responded with an order stating: “There is no basis on which this Court can find falsehood or perjury or even ill motives by any persons involved in this entire matter.” After reviewing the complete record, we find no reason to disturb the trial court’s finding, which is
AFFIRMED.
MILLS and ZEHMER, JJ., concur.