J-S43015-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

G.P.M.                    IN THE SUPERIOR COURT
                                  OF PENNSYLVANIA

           Appellant

           v.

A.M.F.

           Appellee            No. 1752 WDA 2017

Appeal from the Order July 11, 2017
In the Court of Common Pleas of Allegheny County
Civil Division at No: FD 16-001705-008

BEFORE: STABILE, DUBOW, and NICHOLS, JJ.

MEMORANDUM BY STABILE, J.:            FILED DECEMBER 31, 2018

Appellant G.P.M. ("Father") appeals from an order denying his motion to remove copies of a Temporary Protection From Abuse ("TPFA") order from the record in this child custody action and/or block the TPFA order from public view. We agree with Father that the trial court abused its discretion by denying his motion, and we reverse and remand for further proceedings.

Appellee A.M.F. ("Mother") and Father, the natural parents of a minor child, were in a brief relationship in Atlanta, Georgia. After their relationship ended, Mother moved to Allegheny County to keep her whereabouts secret from Father. On September 13, 2016, Mother filed a Protection From Abuse ("PFA") petition against Father and obtained the TPFA order in question. Around the same time, Mother discovered that she was pregnant, but she kept the pregnancy secret from Father. On September 27, 2016, the parties entered into a civil no-contact agreement. Father did not know Mother was

pregnant at the time of the agreement. He became aware of the pregnancy only when he learned Mother was attempting to put the child up for adoption. Custody litigation commenced after Mother gave birth.

On May 10, 2017, Father filed a petition for special relief requesting expungement of the TPFA order, to which Mother agreed. The court granted Father's motion and ordered the TPFA order expunged and removed from the public docket. The case type on the docket changed from PFA to Custody.

Father filed a motion for an interim custody schedule. Mother filed a response in opposition in which she referred to the TPFA order in the body of the response and attached the TPFA order as an exhibit. On June 21, 2017, the court granted Father's motion for an interim custody schedule. Mother moved for reconsideration of this order, once again referring to the TPFA order in the body of her motion and attaching the TPFA order as an exhibit. Father filed a response to Mother's motion for reconsideration with new matter asserting that Mother violated the expungement order by attaching the TPFA order to her pleadings, which jeopardized both his reputation and his Department of Defense ("DOD") clearances necessary for his employment. Father requested that the court (1) prohibit Mother from referencing the TPFA or using it as an exhibit and (2) direct the Department of Court Records to remove it from pleadings already filed or block it from public view. On July 11, 2017, the court denied Father's request, finding that any harm to his reputation was cured by expungement of the TPFA order from the public

docket, and further finding that it would waste judicial resources for the court to peruse the pleadings.

Father moved for reconsideration of the July 11, 2017 order, which the court denied on August 11, 2017. Instead of appealing the July 11, 2017 order, Father appealed from the August 11, 2017 order denying reconsideration. This Court quashed Father's appeal at 1316 WDA 2017 on the ground that orders denying reconsideration are not appealable.

Father requested leave to appeal the July 11, 2017 order nunc pro tunc, which the trial court granted on November 3, 2017. On November 17, 2017, Father filed the present appeal. Both Father and the trial court complied with Pa.R.A.P. 1925.

Father raises two issues in this appeal:

I.    Did the trial court err/abuse its discretion by denying Appellant's request to have documents relating to the [TPFA] order removed and/or blocked from the public docket?

II.    Did the trial court err/abuse its discretion by denying Appellant's request to prohibit the attach[ment] of the [TPFA] order to any subsequent pleadings?

Appellant's Brief at 3. The trial court addressed these issues together, and we do so as well.

Before addressing the propriety of the trial court's decision, we must decide whether the order denying Father's motion is appealable. "It is axiomatic that an appeal will lie only from a final order unless otherwise permitted by statute or rule." Fried v. Fried, 501 A.2d 211, 213 (Pa. 1985);

- 3 -

Katz v. Katz, 514 A.2d 1374 (Pa. Super. 1986). The order in question is interlocutory, but we find that it is appealable under the "collateral order" doctrine.

An order is appealable as a collateral order if (1) it is separable from and collateral to the main cause of action; (2) the right involved is too important to be denied review; and (3) the questions presented are such that if review is postponed until a final judgment is rendered in the case the claimed right will be irreparably lost. Pa.R.A.P. 313(b). In R.W. v. Hampe, 626 A.2d 1218 (Pa. Super. 1993), we held that an order partially sealing the record was appealable as a collateral order, because "it is separable from the main cause of action—a lawsuit for personal injuries allegedly arising from medical malpractice—and its effect is too important to be denied review. If the order is left to stand until disposition of the merits, any harm claimed by appellant already will have irrevocably occurred." Id. at 1220. For similar reasons, we hold that the order denying Father's motion to preclude Mother from introducing the TPFA order in future filings and to remove previously filed TPFA orders from the record is appealable as a collateral order. This issue is separable from the main cause of action, a custody dispute. Its effect is too important to be denied review, because it could harm Father's reputation and impair his DOD clearance. Finally, if we postpone review until the final order in the custody case, any harm claimed by Father, such as loss of DOD clearance, will likely have already occurred.

Turning to the substance of the appeal, we review a trial court's decision to deny partial closure of the record for abuse of discretion. Id.

"[T]o justify closure or sealing the record a party must overcome the common law presumption of openness. The existence of a common law right of access to judicial proceedings and inspection of judicial records is beyond dispute." Hampe, 626 A.2d at 1220 (citations omitted). There are several well-known exceptions to this principle. For example, divorce cases present an exception, because divorce litigation often serves "only to embarrass and humiliate" the litigants by disclosing details "which are essentially private in nature and . . . lack any useful, public purpose." Id. at 1222. Similarly, the Juvenile Act provides that "the general public shall be excluded from hearings under this Chapter" to protect the privacy interests of minors. Id. (citing 42 Pa.C.S.A. § 6336(d)).

The present case presents another situation in which a party's interest in his reputation defeats the common law right of access to inspection of judicial records. When, as here, the parties in a custody proceeding stipulate to declare a TPFA order null and void, the target of the TPFA order is entitled to expungement of the order. Carlacci v. Mazaleski, 798 A.2d 186, 190-91 (Pa. 2002). The purpose of expungement is to protect his reputation, id. at 189, as well as the loss of employment, housing or education that may accompany a record of domestic violence. Cf. Commonwealth v. Armstrong, 434 A.2d 1205, 1207 (Pa. 1981) (expungement of criminal

records prevents undue loss of employment that might accompany criminal record). Allowing Mother to inject post-expungement references to the TPFA order into the record or submit the TPFA order as an exhibit defeats the purposes of expungement by smearing Father's reputation and jeopardizing his employment, housing and educational prospects. The trial court abused its discretion by permitting this course of conduct to continue subsequent to expungement of the TPFA order. On remand, Mother is to instructed to refrain from any further references to the TPFA order or inclusion of the order as an exhibit to pleadings or motions.

In addition, the trial court abused its discretion by refusing to direct removal of all existing references to the TPFA order, either in the body of pleadings or as exhibits, from the record. Permitting these references to remain available for public view frustrates the purpose of expungement by harming Father's reputation and other interests, particularly his DOD clearances.

The trial court strenuously insists that existing references in the record to the TPFA order pose little actual risk to Father, and that any attempt to remove or seal them would waste judicial resources.

> In this particularly acrimonious case, numerous and lengthy pleadings have been filed, including those with the TPFA as exhibits. Those pleadings, however, appear on the docket as "Motions for Special Relief" or other innocuous titles and would alert no one perusing the docket of their contents. In order to find the TPFA, one would have to individually delve through the pleadings. Granting Father's request would entail expending a substantial amount of judicial and administrative resources to

rectify a harm that Father has not demonstrated is a "defined and serious injury."

Here, granting Father's request would require the Court to devote its resources to the removal of the TPFA exhibits to Mother's pleadings as well as reviewing those pleadings for references to the TPFA. This is akin to tasking the Court with removing language from every pleading or exhibit in domestic cases which might harm a litigant's reputation. In the Court's Family Division, this would be a Herculean, if not impossible, task.

It is unfortunate but true that, in Family Division, pleadings are filed daily wherein litigants make disparaging allegations of wrongdoing against each other. A substantial number of those allegations are severe enough to damage the reputation of the accused party if viewed by the public. If judges were required to remove such language or exhibits every time a perceived or potential risk of harm to the reputation of a party is raised, the Court's judicial resources would be quickly exhausted.

Moreover, Father's argument is made moot by the enactment of the Public Access Policy recently adopted by the Pennsylvania Supreme Court, which imposes the duty of redact[ion] on the Department of Court Records and not the Judge. Family Court Pleadings filed by litigants are no longer visible online to unregistered members of the public. Pursuant to the Policy's Section 10.0, Limits on Remote Access to Case Records, only dockets, court orders, and opinions in family filings are electronically accessible to the general public. Pleadings and their exhibits are not viewable. As of the date of this Opinion, the pleadings in this case are not electronically viewable to the public.

Trial Ct. Op., 3/20/18, at 6-8.

Although the trial court expresses its position forcefully, we disagree with its analysis. The Supreme Court's new Public Access Policy will prevent electronic access to pleadings and exhibits, but it will not prevent persons from viewing hard copies of filings in the prothonotary's office that include or refer to expunged TPFA orders. The "innocuous titles" of pleadings or motions,

id. at 6, offer scant protection from inquisitive or vindictive members of the public who might find it desirable to sift through every page of a public record. However remote the possibility may be that someone would want to examine Father's record with a fine-tooth comb, we still must guard against it.

We also believe that the trial court overstates the effort it would have to exert to safeguard expunged TPFA orders from public exposure. Several routine steps will place the onus on the parties while minimizing the court's labors. First, the court should direct Father to list all references to the TPFA order that he wants removed and their specific locations in the record. Second, to ensure that Father confines his requests to the TPFA order, the court should authorize Mother to object to removal of any references that do not explicitly concern the TPFA order. Third, following review of Father's list and Mother's response, the court should direct the prothonotary to seal or remove all explicit references to the TPFA order in the record. Following these simple steps will not tax the court's resources to any appreciable extent. We direct the court to implement these, or substantially similar, procedures on remand. Should Mother continue to violate the expungement or other orders, consideration of contempt might be in order.

For these reasons, we direct the trial court on remand to prohibit additional references to the TPFA order in any pleading or motion and to take the steps articulated above to remove or seal all existing references to the TPFA order or exhibits containing the TPFA order presently in the record.

Reversed and remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/31/2018