J-A04042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN HART, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMANDA SMOTHERS | : | No. 3507 EDA 2017 |

Appeal from the Order September 26, 2017
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  No. 02-010060

BEFORE:  LAZARUS, J., KUNSELMAN, J., and COLINS*, J.

JUDGMENT ORDER BY COLINS, J.:                    **FILED MARCH 13, 2019**

Appellant, John Hart, appeals *pro se* from the order dated September 26, 2017, denying his petition for expungement of a final order[1] pursuant to the Protection from Abuse Act ("PFA").[2]  We affirm.

In 2002, Appellee, Amanda Smothers, filed a PFA petition against Appellant.  On September 5, 2002, the PFA court entered a "Final Order of Court."

---

[1] Pursuant to our review of the certified record, the final order was never vacated.  "Ultimate responsibility for a complete record rests with the party raising an issue that requires appellate court access to record materials."  Note to Pa.R.A.P. 1921.  In this case, it would have been Appellant's responsibility to "to take steps necessary to assure" that any evidence of the vacation of the final PFA order was in the record.  ***Id.***

[2] 23 Pa.C.S. §§ 6101-6122.

\* Retired Senior Judge assigned to the Superior Court.

On September 12, 2002, Appellant filed a petition labelled a "Petition to Relist Protection from Abuse Hearing, Vacate Final Order, and Reinstate Temporary Order" (hereinafter "Petition to Vacate"). A hearing on the Petition to Vacate was continued eleven times, mostly at Appellant's request,[3] but was never held.

In 2008, Appellant filed a petition for expungement but withdrew it without prejudice. On September 6, 2017, Appellant filed the instant petition for expungement. On September 14, 2017, the trial court held a hearing on said petition, which it denied on September 26, 2017. On October 24, 2017, Appellant filed this timely appeal.

Appellant presents the following issues for our review:

> A. Did the trial court not err in denying Appellant's petition for expungement where the allegations of abuse were never proven by a preponder[a]nce of the evidence?

> B. Did the trial court not err in denying Appellants petition for expungement where Appellant sought expungement to improve his life and increase his changes of continuing his education and obtaining future employment, and where the petition was

---

[3] Appellant's reason for requesting multiple continuances was that he had criminal charges pending against him, involving his behavior towards Appellee, and he did not want any testimony from a hearing on his Petition to Vacate used against him in his criminal trials. *See* Petition to Vacate, 9/12/2002. at 1-2 ¶¶ 3-4; Trial Court Opinion, filed February 7, 2018, at 3. On May 12, 2013, Appellant entered *nolo contendere* pleas to multiple offenses – including defiant trespass, terroristic threats, and several counts of stalking -- at three different criminal actions. *See Commonwealth v. Hart*, 928 A.2d 1122 (Pa. Super. 2007). Additional charges of harassment by communication and indirect criminal contempt were withdrawn. *See Commonwealth v. Hart*, 880 A.2d 7 (Pa. Super. 2005).

unopposed and the parties have had no contact for over fifteen years?

C.    Did the trial court not err in denying Appellant's petition for expungement where strong prevailing public policy in Pennsylvania encourages voluntary settlements and Appellant voluntarily entered into a final order without admission as to the underlying allegations of abuse in the interest of economy, time, and resources?

Appellant's Brief at 4 (trial court's answers omitted).

Appellant's three issues are interrelated, and, accordingly, we will address them together.  Simply put, there is no statutory authority nor case law allowing for the expungement of a **final** PFA order.  ***Commonwealth v. Charnik***, 921 A.2d 1214, 1220 (Pa. Super. 2007) (denial of expungement of final PFA order affirmed).  Our courts have only permitted the expungement of a **temporary** PFA order or of the record of a PFA petition where no order was entered.  ***E.g.***, ***Carlacci v. Mazaleski***, 798 A.2d 186, 187, 190-91 (Pa. 2002) (temporary PFA order was issued against Carlacci but ultimately ordered null and void, as per a stipulation entered by the parties; entitled to expungement of that record); ***Graham v. Flippen***, 179 A.3d 85, 87–88 (Pa. Super. 2018) (appellant entitled to expungement as a matter of law where only temporary PFA orders were entered against him); ***P.E.S. v. K.L.***, 720 A.2d 487, 488-91 (Pa. Super. 1998) (PFA statute does not provide for expungement; extended concept of expungement to the PFA in circumstances where defendant seeks to protect his reputation and no order was entered).  As no legal authority exists to expunge a final PFA order, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/13/19