COMMONWEALTH of Pennsylvania, Appellee

v.

Benjamin W. FURRER, Appellant.

Superior Court of Pennsylvania.

Submitted June 11, 2012.

Filed July 11, 2012.

Darrell J. Arbore, North Huntingdon, for appellant.

Gregory J. DeFloria, Assistant District Attorney, Greensburg, for Commonwealth, appellee.

BEFORE: SHOGAN, LAZARUS and PLATT*, JJ.

OPINION BY SHOGAN, J.:

██ Appellant, Benjamin W. Furrer, appeals from the order denying his motion for expungement of two criminal conviction records.[1] We reverse in part and affirm in part.

The trial court summarized the history of this case as follows:

[Appellant] was initially charged with Aggravated Assault (18 Pa.C.S. § 2702(a)(4)), Possession of Instruments of Crime (18 Pa.C.S. § 907(a)), Recklessly Endangering Another Person (18 Pa. C.S. § 2705), Disorderly Conduct (M3) (18 Pa.C.S. § 5503(a)(1)), Underage Drinking (18 Pa.C.S. § 6308(a)) and Simple Assault (18 Pa.C.S. § 2701(a)(1)). He pled guilty on April 4, 2008 pursuant to a negotiated guilty plea, wherein [Appellant] agreed to plead guilty to Simple Assault and Underage Drinking. In exchange, the Commonwealth agreed to dismiss the remaining charges, including the more serious felony offense of Aggravated Assault. [Appellant] was sentenced at that time to a term of one year probation on the Simple Assault charge and to pay a $300.00 fine on the Underage Drinking charge.

[Appellant] did not file a Motion to Withdraw his plea, nor did he file any appeals of the sentence that was imposed on April 4, 2008. In the spring of 2011, [Appellant] filed a Petition and [(Proposed)] Order for Expungement of Criminal Records (Non–ARD). This Petition sought the expungement of all the charges filed in this case, including those charges to which he had pled guilty. The Commonwealth objected to the granting of the Petition for Expungement.

Following a hearing held on May 27, 2011, the Court Issued an Order dated September 7, 2011, granting [Appellant's] Petition as to the charges that were dismissed by the Commonwealth, but denying his Petition as to the counts to which he pled guilty.

Trial Court Opinion, 12/21/11, at 1–2 (footnote omitted). This timely appeal followed.[2] Both Appellant and the trial court have complied with the requirements of Pennsylvania Rule of Appellate Procedure ("Pa.R.A.P.") 1925.

Appellant has properly preserved a single issue for our review:

1. Whether the Court erred as a matter of law or abused its discretion in failing to Grant Appellant's Expungement Petition as to Count 5– Underage Drinking and Count 6– Simple Assault where the Commonwealth failed to introduce any evidence, special circumstances or facts supporting or justifying the reten-

---

* Retired Senior Judge assigned to the Superior Court.

1. We observe that a petition for expungement does not fall within the ambit of the PCRA. *Commonwealth v. Lutz*, 788 A.2d 993, 996 n. 7 (Pa.Super.2001). Thus, Appellant's claims are not subject to the eligibility requirements

or time constraints of the PCRA, and there is no impediment to our review.

2. The Commonwealth did not appeal that part of the trial court's order granting expungement of the charges dismissed by the Commonwealth.

tion of the information sought to be expunged by the Appellant?

Appellant's Brief at iii.[3]

██ Appellant argues that the trial court erred in denying his request for expungement of the underage drinking and simple assault convictions. Several standards guide our review. First, expungement of criminal records is governed by statute. *See Hunt v. Pennsylvania State Police,* 603 Pa. 156, 166, 983 A.2d 627, 633 (2009) (citing 18 Pa.C.S.A. § 9122). "The decision to grant or deny a request for expungement of an arrest record lies in the sound discretion of the trial judge, who must balance the competing interests of the petitioner and the Commonwealth. We review the decision of the trial court for an abuse of discretion." *Commonwealth v. Wallace,* 45 A.3d 446, 450 (Pa.Super.2012) (citing *Commonwealth v. Waughtel,* 999 A.2d 623, 624–25 (Pa.Super.2010)).

Our Supreme Court recently reiterated the law regarding expungement of criminal records as follows:

There is a long-standing right in this Commonwealth to petition for expungement of a criminal arrest record, a right that is adjunct of due process. *Carlacci v. Mazaleski,* [568 Pa. 471, 798 A.2d 186, 188 (Pa. 2002) ]. . . . Judicial analysis and evaluation of a petition to expunge depend upon the manner of disposition of the charges against the petitioner. When an individual has been convicted of the offenses charged, then expungement of criminal history records may be granted only under very limited cir-

cumstances that are set forth by statute. 18 Pa.C.S. § 9122; *Hunt v. Pennsylvania State Police,* 604 [603] Pa. 156, 983 A.2d 627, 633 (2009).

*Commonwealth v. Wallace,* 45 A.3d 446, 450 (Pa.Super.2012) (citing *Commonwealth v. Moto,* 611 Pa. 95, 101–04, 23 A.3d 989, 993–994 (2011)).

██ Appellant first argues that expungement of the underage drinking conviction is statutorily required. We agree.

The expungement statute provides, in relevant part, as follows:

(a) **Specific proceedings.**—Criminal history record information *shall be expunged* in a specific criminal proceeding when:

\* \* \*

*(3) a person 21 years of age or older who has been convicted of a violation of section 6308* (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages) *petitions the court of common pleas in the county where the conviction occurred seeking expungement and the person has satisfied all terms and conditions of the sentence imposed for the violation,* including any suspension of operating privileges imposed pursuant to section 6310.4 (relating to restriction of operating privileges). Upon review of the petition, *the court shall order the expungement of all criminal history record information* and all administrative records of the Department of

---

**3.** Appellant included two issues in his Pa. R.A.P.1925(b) statement of errors and two issues in his Statement of Questions Presented; however, only the issue set forth above appears in both documents. Issues not included in a Rule 1925(b) statement are waived. Pa.R.A.P. 1925(b)(4)(vii). Similarly,

issues not developed in an appellate brief with pertinent "discussion" and "citation of authorities" are waived. Pa.R.A.P. 2119(a). Thus, we will not review the second issue in Appellant's Rule 1925(b) statement and the second issue in his Statement of Questions Presented.

Transportation relating to said conviction.

18 Pa.C.S.A. § 9122(a)(3) (emphasis supplied). Section 9122(a)(3) uses the term conviction; a guilty plea is equivalent to a conviction. *Commonwealth v. George*, 38 A.3d 893, 897 (Pa.Super.2012).[4]

Here, the record establishes the following undisputed facts: (1) Appellant was convicted of a violation of section 6308 in the Court of Common Pleas of Westmoreland County; (2) at age 22, he petitioned the Court of Common Pleas of Westmoreland County, seeking expungement of, *inter alia*, the section 6308 conviction; and (3) he satisfied all terms and conditions of the sentence imposed for the section 6308 violation. Therefore, pursuant to the plain, mandatory language of section 9122(a)(3), the trial court was required to expunge all criminal history record information related to the section 6308 conviction. In not doing so, the trial court abused its discretion.

 Appellant also argues that the trial court erred in denying his request to expunge the simple assault conviction because the Commonwealth did not justify retention of the records. We disagree for two reasons. First, the simple assault conviction does not fall within the narrow scope of section 9122(a) (mandatory expungement). Second, Appellant's simple assault conviction is not subject to expungement under the discretionary component of section 9122. That section provides as follows:

(b) **Generally.**—Criminal history record information *may be expunged* when:

(1) An individual who is the subject of the information reaches 70 years of age and has been free of arrest or prosecution for ten years following final release from confinement or supervision.

(2) An individual who is the subject of the information has been dead for three years.

(3)(i) An individual who is the subject of the information petitions the court for the expungement of a summary offense and has been free of arrest or prosecution for five years following the conviction for that offense.

(ii) Expungement under this paragraph shall only be permitted for a conviction of a summary offense.

18 Pa.C.S.A. § 9122(b) (emphasis supplied).

Here, Appellant has not reached the age of 70, and he is alive. Moreover, simple assault is not a summary offense. *See* 18 Pa.C.S.A. § 2701(b) ("Simple assault is a misdemeanor of the second degree."). Thus, the trial court did not abuse its discretion in denying Appellant's request to expunge the simple assault conviction.

Based on the foregoing, we conclude that Appellant is entitled to expungement of the underage drinking conviction pursuant to 18 Pa.C.S.A. § 9122(a)(3), but he is not entitled to expungement of the simple assault conviction. Therefore, we reverse that part of the trial court's order denying expungement of the underage drinking conviction, and we affirm that part of the trial court's order denying expungement of the simple assault conviction.

**4.** The Commonwealth acknowledges that Appellant's "guilty plea constituted convictions." Commonwealth Brief at 5. Moreover, because this case involves charges resulting in convictions, we reject as inapposite the Commonwealth's and trial court's reliance on cases involving charges dismissed pursuant to a negotiated plea agreement, *e.g., Commonwealth v. Lutz*, 788 A.2d 993 (Pa.Super.2001); *Commonwealth v. Wexler*, 494 Pa. 325, 431 A.2d 877 (1981).

Order reversed in part and affirmed in part. Jurisdiction relinquished.