**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**Scott Allen TRIMBLE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 24, 2013.
Filed Sept. 3, 2013.

Scott A. Trimble, appellant, pro se.

Cory J. Snook, District Attorney, Mifflintown, for Commonwealth, appellee.

BEFORE: DONOHUE, WECHT and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

This is a *pro se* appeal from the order which denied Appellant's Motion to Expunge Criminal Record. Appellant seeks reversal of the order, arguing, *inter alia,* that the Commonwealth failed to carry its burden in the proceedings. We agree.

Appellant sought expunction of his criminal arrest records for charges of rape, simple assault and terroristic threats, all of which had been dismissed by a magisterial district judge in a criminal proceeding which ultimately resulted in Appellant's guilty plea to one count of kidnapping. The Commonwealth notified the court that it was not filing a response to Appellant's

motion. The trial court denied the motion. This appeal followed.

■■■ Our Supreme Court has explained the relevant law in this area as follows:

There is a long-standing right in this Commonwealth to petition for expungement of a criminal arrest record, a right that is an adjunct of due process. *Carlacci v. Mazaleski,* 568 Pa. 471, 798 A.2d 186, 188 (Pa.2002). The decision to grant or deny a petition to expunge rests with the sound discretion of the trial court, and we review that court's decision for abuse of discretion. *Commonwealth v. Waughtel,* 2010 PA Super 125, 999 A.2d 623, 624–25 (Pa.Super.2010); *Commonwealth v. A.M.R.,* 2005 PA Super 398, 887 A.2d 1266, 1268 (Pa.Super.2005).

Judicial analysis and evaluation of a petition to expunge depend upon the manner of disposition of the charges against the petitioner. When an individual has been convicted of the offenses charged, then expungement of criminal history records may be granted only under very limited circumstances that are set forth by statute. 18 Pa.C.S. § 9122; *Hunt v. Pennsylvania State Police,* 603 Pa. 156, 983 A.2d 627, 633 (Pa.2009). When a petitioner has been tried and acquitted of the offenses charged, we have held that the petitioner is "automatically entitled to the expungement of his arrest record." *Commonwealth v. D.M.,* 548 Pa. 131, 695 A.2d 770, 772–73 (Pa.1997). When a prosecution has been terminated without conviction or acquittal, for reasons such as nolle prosse of the charges or the defendant's successful completion of an accelerated rehabilitative disposition program ("ARD"), then this Court has required the trial court to "balance

* Retired Senior Judge assigned to the Superior Court.

the individual's right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records." *Commonwealth v. Wexler*, 494 Pa. 325, 431 A.2d 877, 879 (Pa.1981); *D.M.*, *supra* at 772 ("We reiterate the authority of *Wexler* and the balancing test approved therein as the means of deciding petitions to expunge the records of all arrests which are terminated without convictions except in cases of acquittals.").

To aid courts in applying the balancing test for expungement, we also adopted in *Wexler* the following non-exhaustive list of factors that the court should consider:

> These factors include [1] the strength of the Commonwealth's case against the petitioner, [2] the reasons the Commonwealth gives for wishing to retain the records, [3] the petitioner's age, criminal record, and employment history, [4] the length of time that has elapsed between the arrest and the petition to expunge, and [5] the specific adverse consequences the petitioner may endure should expunction be denied.

*Wexler*, supra at 879 (citation omitted). We have emphasized that in applying the balancing test and considering the above factors, the court must analyze the particular, specific facts of the case before it. *Id.* at 880–81. The mere assertion by the Commonwealth of a general interest in maintaining accurate records of those accused of a crime does not outweigh an individual's specific, substantial interest in clearing his or her record. *Id.* at 881–82.

In addition, *Wexler* **explicitly placed the burden of proof on the Commonwealth.** The case against the *Wexler* appellants had been nolle prossed after the Commonwealth had admitted that it would be unable to sustain its burden of proof at trial. *Wexler*, supra at 880. Nonetheless, the trial court denied the appellants' petition to expunge their arrest records, and the Superior Court affirmed. This Court reversed and ordered expungement, concluding that the Commonwealth had not proffered "compelling evidence" to justify the retention of the appellants' arrest records. *Id.* at 881. Importantly, in general terms, we held that when the Commonwealth admits that it is unable to bear its burden of proof beyond a reasonable doubt at trial, then **"the Commonwealth must bear the burden of justifying why the arrest record should not be expunged."** *Id.* at 880.

*Commonwealth v. Moto*, 611 Pa. 95, 23 A.3d 989, 993–94 (2011) (emphasis added).

 In this case, the Commonwealth undeniably failed to meet its burden where it elected not to oppose, in any way, Appellant's petition. Thus, the trial court abused its discretion in finding that, "when balancing [Appellant's] right to be free from the harm attendant to maintenance of the arrest record against the Commonwealth's interest in preserving such records, in this particular case, greater weight must be afforded to the Commonwealth's interest in preserving such records," Trial Court Opinion, 11/28/12, where the Commonwealth simply did not advance an interest in preserving Appellant's records.

Accordingly, we reverse the order denying Appellant's petition. Appellant's criminal arrest records for the relevant charges of rape, simple assault and terroristic threats shall be expunged.

Order reversed. Jurisdiction relinquished.