J-S29009-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GARY LEE SMITH | |
| Appellant | No. 1820 MDA 2013 |

Appeal from the Order September 25, 2013
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0000885-1989

BEFORE:  PANELLA, J., WECHT, J., and STRASSBURGER, J.[*]

MEMORANDUM BY PANELLA, J.          **FILED AUGUST 05, 2014**

Appellant, Gary Smith, appeals *pro se* from the trial court's order denying his motion to expunge his record of an arrest in 1989 for harassment by communication.[1] Smith contends that the trial court abused its discretion in denying the expunction of his arrest records because they should have been expunged in 1990 when his charges were expunged pursuant to Pa.R.Crim.P. 186.[2] We affirm.

On April 10, 1989, Smith was arrested and charged with harassment by communication. Smith was later admitted to an Accelerated Rehabilitation

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.  5504(a).

[2] Pa.R.Crim.P. 186 is now renumbered Pa.R.Crim.P. 320(A).

Disposition ("ARD") program, and upon completion of the program, the harassment charges would be expunged. On November 29, 1990, the trial court ordered the charges to be expunged and the Commonwealth agreed without objection.

Seven years later, Smith was arrested in Arkansas following a sexual assault, pled *nolo contendere* to the charges, and registered as a sex offender. The trial court in Arkansas withheld imposition of sentence for a period of five years conditioned "upon good behavior."

During that five-year period, Smith took sexually explicitly photos of a nude 12 year-old girl. He later distributed the photograph over the Internet and by mail. **See United States v. Smith**, 367 F.3d 748 (8th Cir. 2004). The United States District Court for the Western District of Missouri sentenced Smith court to 235 months' incarceration and the United States Courts of Appeals for the Eighth Circuit affirmed.

On April 4, 2013, Smith filed a petition in the Pennsylvania trial court seeking to expunge his 1989 arrest record. Following the denial of that motion, Smith filed a motion for reconsideration. The trial court held that the motion would be granted absent a showing from the Commonwealth why it should not be granted. In the interim between Smith's filing and the trial court's decision, Katherine Fincham, Esquire, the Assistant United States Attorney who was involved in Smith's federal prosecution, informed the

Commonwealth of Smith's convicted crimes that occurred in Arkansas and Missouri.

The Commonwealth filed its objection to the trial court, citing Smith's crimes in Arkansas and Missouri as the reason for objecting to the expunction of his arrest record. The trial court found merit in the Commonwealth's objections and denied the expunction of Smith's arrest record. Smith then filed this timely appeal.

Smith raises the following issues:

I.   Whether the Court of Common Pleas erred in assimilating the Commonwealth's objections 22 years after the motion for dismissal, in violation of PA Rule 320 (B)?
     A. Whether the Court of Common Pleas erred when suggesting that Appellant had an obligation to move for an expungement
     B. Whether the Court of Common Pleas has a duty under PA Rule 320 to enter an order of expungement?
     C. Whether the Appellant has been harmed by the Court of Common Pleas refusal to enter an order of expungement?
     D. Whether the Court of Common Pleas had statutory authority to accept and consider objections from the Commonwealth 22 years after the motion for dismissal?

Appellant's Br. at 2.

Before turning to the merits of the appeal, we must determine if Smith has properly preserved all of his issues for our review in accordance with Pa.R.A.P. 1925(b). *See Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 1998). Pa.R.A.P. 1925(b)(4)(vii) states, "[a]ny issue not included in the statement and/or raised in accordance with the provisions of this paragraph (b)(4) are waived." *See also Commonwealth v. Lord*, 719 A.2d 306, 308

(Pa. 1998). Therefore, we will not review any issues that have not been included in the appellant's Rule 1925(b) statement. **See id.**

Here, the Commonwealth contends that Smith has waived issues I.A through I.C. as they were not included in his Rule 1925(b) statement. However, we find that each of these sub-issues is essentially asking if the trial court abused its discretion in its denial of Smith's motion to expunge his 1989 arrest record. Each sub-question that Smith lists is not a separate issue raised for our review, but a question postulated to support his main argument for the preserved issue that is being raised on appeal. We therefore find that Smith has properly preserved this issue for appeal.

The decision to grant or deny a request for expunction of an arrest record lies in the sound discretion of the trial judge. **See Commonwealth v. Furrer**, 48 A.3d 1279, 1281 (Pa. Super. 2012). As such, we review the trial court's decision for abuse of discretion. **See Commonwealth v. Lutz**, 788 A.2d 993, 996 (Pa. Super. 2001). A trial court abuses its discretion if in reaching a conclusion, the law is overridden or misapplied, or the exercised judgment is manifestly unreasonable or is the result of partiality, prejudice, bias, or ill will. **See Commonwealth v. Hann**, 81 A.3d 57, 65 (Pa. 2013).

"In this Commonwealth, there exists the right to petition for expungement of a criminal arrest record. This right is an adjunct of due process and is not dependent upon express statutory authority." **Commonwealth v. A.M.R.**, 887 A.2d 1266, 1268 (Pa. Super. 2005)

(citation omitted). The Commonwealth bears the burden of "proving why the arrest record should not be expunged. . . ." **Commonwealth v. Wexler**, 431 A.2d 877, 879 (Pa. 1981).

We have noted that an individual may suffer harm as a result of the Commonwealth's retention of an arrest record. **See Commonwealth v. Malone**, 366 A.2d 584, 587-88 (Pa. Super. 1976). Because of this hardship, there are certain circumstances in which substantive due process guarantees an individual the right to have his arrest record expunged. **See id**. In determining whether justice requires expunction of a defendant's arrest record, the trial court is required, when prosecution has been terminated without conviction or acquittal because of an ARD program, to balance a non-exclusive list of factors as set forth in **Commonwealth v. Wexler**, 431 A.2d 877 (Pa. 1981):

> These (factors) include the strength of the Commonwealth's case against the petitioner, the reasons the Commonwealth gives for wishing to retain the records, the petitioner's age, criminal record, and employment history, the length of time that has elapsed between the arrest and the petition to expunge, and the specific adverse consequences the petitioner may endure should expunction be denied.

**Id**., at 879 (citation omitted).

With this legal framework in mind, we turn to the merits of this appeal. The court order dated in 1990 only expunged the harassment charges, not his arrest record. **See** Order, 11/29/90, at 1. The trial court in 1990 was required, pursuant to Pa.R.Crim.P. 186, to expunge Smith's arrest record

- 5 -

absent some compelling state interest. **See**, **e.g.**, **Commonwealth v. Armstrong**, 434 A.2d 1205 (Pa. 1981). However, Smith did not assert his rights to petition the original trial court's failure to expunge the arrest record until 2013 as a violation of due process. As such, the "present day" trial court was well within its rights to consider the objections submitted by the Commonwealth to prevent the expunction of his 1989 arrest record pursuant to Pa.R.Crim.P. 320 after Smith filed a motion to expunge his arrest record pursuant to Pa.R.Crim.P. 319.

Here, once the Commonwealth filed its objections, the trial court correctly applied the list of factors set forth in **Wexler**, as Smith's prosecution of the harassment charge was terminated because of his successful completion of the ARD program. The trial court was well within its discretion when it considered the length of time it took for Smith to assert his rights to expunge the arrest record, Smith's past criminal conduct in Arkansas and Missouri, and the trial court's assessment of the Commonwealth's objections to the arrest record expunction. We find that each of the factors were properly considered and that the trial court did not abuse its discretion.

Smith asserts that notwithstanding the balancing of the **Wexler** factors, the trial court abused its discretion in failing to consider the harm caused by his arrest record. Smith contends that the arrest record causes harm as the United States District Court used it as a factor to depart from

the sentencing guidelines in his child pornography conviction and that harm outweighs the Commonwealth's interest to maintain the arrest record.

"The purpose of expungement is to protect an individual from the difficulties and hardships that may result from an arrest on record including the harm to one's reputation and opportunities for advancement in life." **Doe v. Zappala**, 987 A.2d 190, 194 (Pa. Cmwlth. 2009) (citing **Commonwealth v. Butler**, 672 A.2d 806 (Pa. Super. 1996)). "[A]n expungement affords an individual some protection, but cannot entirely protect him from the consequences of his prior actions." **Butler**, 672 A.2d at 809 (citation omitted).

Here, Smith's harm from the arrest record—a more severe sentence on his child pornography conviction—was a result of his further criminal conduct and not of the type of harm contemplated in the case law, namely the harm to his reputation and an opportunity to advance in society. As such, the record supports the trial court's decision to deny the expunction of Smith's 1989 arrest record.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/5/2014

- 7 -