J-S40041-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| SHERMAN COLEMAN, | : | |
| | : | |
| Appellant | : | No. 383 WDA 2015 |

Appeal from the Order Entered January 15, 2015,
in the Court of Common Pleas of Allegheny County,
Criminal Division, at No(s): CP-02-CR-0000275-1988,
CP-02-CR-0000279-1988, and CP-02-CR-0000281-1988

BEFORE:     FORD ELLIOTT, P.J.E., DONOHUE, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:                **FILED AUGUST 31, 2015**

Sherman Coleman (Appellant) appeals from the January 15, 2015 order which denied his petition for expungement. We affirm.

In 1988, Appellant was convicted of various crimes at the above docket numbers and sentenced to an aggregate 30 to 60 years' incarceration. On January 13, 2015, following a lengthy procedural history not relevant to this appeal, Appellant filed the instant petition for expungement. The lower court denied Appellant's petition,[1] and Appellant

---

[1] In its opinion issued pursuant to Pa.R.A.P. 1925(a), the court stated that it treated Appellant's petition for expungement as Appellant's twelfth PCRA petition, which the court denied on the basis that it was untimely filed. Opinion, 3/20/2015, at 1-2. However, "a petition for expungement does not fall within the ambit of the PCRA. Thus, Appellant's claims are not subject to the eligibility requirements or time constraints of the PCRA, and there is no impediment to our review." ***Commonwealth v. Furrer***, 48 A.3d 1279, 1280 n.1 (Pa. Super. 2012) (citation omitted). Nevertheless, it is well

*Retired Senior Judge assigned to the Superior Court.

timely filed a notice of appeal. Appellant's sole issue on appeal is whether the court abused its discretion in denying the petition.

> There is a long-standing right in this Commonwealth to petition for expungement of a criminal arrest record, a right that is an adjunct of due process. The decision to grant or deny a petition to expunge rests with the sound discretion of the trial court, and we review that court's decision for abuse of discretion.

**Commonwealth v. Trimble**, 75 A.3d 518, 519 (Pa. Super. 2013) (citation omitted).

Appellant's primary argument is that, because he has never been "duly convicted or sentenced by a court of law through a legally required written, signed and sealed sentencing order or judgment," Appellant's Brief at 10, he is entitled to have the information in his criminal history record expunged. Even assuming *arguendo* that the absence of a valid sentencing order would entitle Appellant to expungement, Appellant's claim is belied by the record. A review of the trial court's criminal docket entries reveals that a sentencing order was entered on September 13, 1988. In addition, the sentencing order for the convictions which Appellant seeks to have expunged is located

---

settled that we may affirm the trial court on different grounds. **Commonwealth v. Thompson**, 778 A.2d 1215, 1223 n.6 (Pa. Super. 2001).

in the certified record.[2,3]   C.R. Item #8. Thus, Appellant's claim is without merit.

Appellant has failed to establish that he is entitled to relief. Accordingly, we affirm the order of the lower court.

Order affirmed.

---

[2] Moreover, this Court has rejected Appellant's challenge to the presence of a valid sentencing order in his underlying criminal cases in previous appeals. *See Coleman v. Giroux*, 1593 WDA 2014 (Pa. Super. filed July 6, 2015) (unpublished memorandum) (affirming the dismissal of Appellant's petition for writ of *habeas corpus*, wherein he alleged that he was being "unlawfully detained … 'under case numbers 198800275, 198800279, and[] 198800281' … . because there is no record of a valid sentencing order being entered in his underlying criminal case"); *Coleman v. SCI-Albion*, 1717 WDA 2014 (Pa. Super. filed April 28, 2015) (unpublished memorandum at 5-7) (rejecting Appellant's claim that the trial court erred in denying his petition for review of his private criminal complaint on the basis that "the Commonwealth still has not submitted a 'written, signed and sealed judgment of sentencing order forwarded to the clerk of courts in which was time-stamped-dated and placed in the certified-official-court-record'" (quoting *verbatim* Appellant's brief)).

[3] To be clear, while three criminal docket numbers are listed in the caption of this appeal, Appellant's petition only sought expungement of his convictions at docket number CP-02-CR-0000275-1988.

Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary

Date: 8/31/2015