J-S09022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| MEGAN LANCIANO | |
| Appellee | No. 218 EDA 2015 |

Appeal from the Order Entered December 16, 2014
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0007797-2010

BEFORE:  SHOGAN, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 24, 2017**

The Commonwealth appeals from the December 16, 2014 order of the Court of Common Pleas of Delaware County ("trial court"), granting Appellee Megan Lanciano's petition for expungement.  Upon review, we vacate and remand.

On March 21, 2011, following the Commonwealth's refusal to admit Appellee into the accelerated rehabilitative disposition ("ARD") program, Appellee entered into a negotiated guilty plea to driving under the influence ("DUI"), highest rate, under 18 Pa.C.S.A. § 3802(c).  Pursuant to her negotiated guilty plea, Appellee was sentenced to six months of intermediate punishment (with the first ten days of electronic home monitoring).

_____

[*] Retired Senior Judge assigned to the Superior Court.

On March 26, 2014, Appellee petitioned the trial court for expungement of her 2011 DUI conviction. The trial court granted her petition for expungement. The Commonwealth timely appealed.

On May 14, 2015, during the pendency of the appeal, the trial court issued an order memorializing the Commonwealth's and Appellee's stipulation that the trial court had erred in granting Appellee's petition for expungement. On May 24, 2016, the trial court issued an order, rescinding its order granting Appellee's petition for expungement.[1]

On appeal,[2] the Commonwealth argues that the trial court erred as a matter of law in granting Appellee's petition for expungement because she "did not satisfy any of the qualifications for expungement enumerated in Section 9122," 18 Pa.C.S.A. § 9122. Commonwealth's Brief at 4. We agree.

Addressing the law regarding expungement of criminal records generally, our Supreme Court has explained:

> There is a long-standing right in this Commonwealth to petition for expungement of a criminal arrest record, a right that is an adjunct of due process. *Carlacci v. Mazaleski*, [] 798 A.2d 186, 188 ([Pa.] 2002). The decision to grant or deny a

---

[1] The trial court's May 14, 2015 and May 24, 2016 orders have no legal effect because they were issued during the pendency of the instant appeal. *See* 42 Pa.C.S.A. § 5505 ("Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, **if no appeal from such order has been taken** or allowed.") (emphasis added). Accordingly, the trial court was without jurisdiction to rescind the December 16, 2014 order granting expungement.

[2] Appellee declined to file a brief on appeal.

- 2 -

petition to expunge rests with the sound discretion of the trial court, and we review that court's decision for abuse of discretion. ***Commonwealth v. Waughtel***, 999 A.2d 623, 624–25 (Pa. Super. 2010); ***Commonwealth v. A.M.R.***, 887 A.2d 1266, 1268 (Pa. Super. 2005).

Judicial analysis and evaluation of a petition to expunge depend upon the manner of disposition of the charges against the petitioner. When an individual ***has been convicted*** of the offenses charged, then expungement of criminal history records may be granted only under very limited circumstances that are set forth by statute. 18 Pa.C.S. § 9122; ***Hunt v. Pennsylvania State Police***, [] 983 A.2d 627, 633 ([Pa.] 2009).

***Commonwealth v. Moto***, 23 A.3d 989, 993 (Pa. 2011) (emphasis added).

"[A] guilty plea is equivalent to a conviction" under Section 9122.

***Commonwealth v. Furrer***, 48 A.3d 1279, 1282 (Pa. Super. 2012), ***appeal***

***denied***, 62 A.3d 378 (Pa. 2013).

Section 9122 of the Criminal History Record Information Act provides

in pertinent part:

**(a) Specific proceedings.--**Criminal history record information shall be expunged in a specific criminal proceeding when:

(1) no disposition has been received or, upon request for criminal history record information, no disposition has been recorded in the repository within 18 months after the date of arrest and the court of proper jurisdiction certifies to the director of the repository that no disposition is available and no action is pending. Expungement shall not occur until the certification from the court is received and the director of the repository authorizes such expungement;

(2) a court order requires that such nonconviction data be expunged; or

(3) a person 21 years of age or older who has been convicted of a violation of section 6308 (relating to purchase, consumption, possession or transportation of liquor or malt or brewed beverages), which occurred on or after the day the person attained 18 years of age, petitions the court of common pleas in the county where the conviction occurred seeking expungement and the person has satisfied all terms and conditions of the sentence imposed for the violation, including any suspension of

operating privileges imposed pursuant to section 6310.4 (relating to restriction of operating privileges). Upon review of the petition, the court shall order the expungement of all criminal history record information and all administrative records of the Department of Transportation relating to said conviction.

**(b) Generally.--**Criminal history record information may be expunged when:

(1) An individual who is the subject of the information reaches 70 years of age and has been free of arrest or prosecution for ten years following final release from confinement or supervision.

(2) An individual who is the subject of the information has been dead for three years.

(3)(i) An individual who is the subject of the information petitions the court for the expungement of a summary offense and has been free of arrest or prosecution for five years following the conviction for that offense.

(ii) Expungement under this paragraph shall only be permitted for a conviction of a summary offense.

18 Pa.C.S.A. § 9122(a),(b).

Instantly, the parties and the trial court agree that Appellee failed to plead and prove any subsection of Section 9122 under which she was entitled to have her 2011 DUI conviction expunged.[3] Accordingly, we agree with the Commonwealth that the trial court erred in granting Appellee's petition for expungement.

_____

[3] In its Pa.R.A.P. 1925(a) opinion, the trial court stated "[t]o ensure the original grant of expungement is properly vacated, and rescinded, the trial court is respectfully requesting the above matter to be remanded to the jurisdiction of the undersigned for disposition in accordance with the parties' intentions pursuant to the 'stipulation and order.'" Trial Court Opinion, 8/8/16, at 2.

Order vacated. Case remanded. Jurisdiction relinquished. Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2017