J-A03030-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DANIELLE HAMMAND | : | No. 1378 EDA 2022 |

Appeal from the Order Entered April 26, 2022
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001324-2015

BEFORE: KING, J., SULLIVAN, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY SULLIVAN, J.: **FILED JUNE 9, 2023**

The Commonwealth appeals from the order granting the petition for expungement filed by Danielle Hammand ("Hammand"). We reverse.

The relevant factual and procedural history of this case is as follows. On July 17, 2015, Hammand entered a negotiated guilty plea to simple assault of a child less than twelve years' old, a first-degree misdemeanor,[1] and received a three-year probationary sentence. ***See generally*** Guilty Plea Colloquy, 7/17/15; ***see also*** Disposition Sheet, 7/17/15. On January 13, 2022, Hammand filed a petition for expungement. The trial court held a hearing, at which Hammand argued that her conviction was causing her economic

---

[*] Former Justice specially assigned to the Superior Court.

[1] ***See*** 18 Pa.C.S.A. § 2701(a)(1); ***see also id***. § (b)(2).

hardship, and the Commonwealth opposed the petition. *See*, *e.g.*, N.T., 3/28/22, at 5. The trial court later issued an order granting the petition. *See* Order, 4/26/22.[2] The Commonwealth timely appealed on May 20, 2022, and both the trial court and the Commonwealth complied with Pa.R.A.P. 1925.

The Commonwealth presents the following question for our review:

> Whether the trial court's disregard for the statutory provisions of 18 Pa.C.S.[A.] § 9122[] resulted in the court misapplying the law[,] and committing an abuse of discretion[,] by determining that it possessed the authority to undertake discretionary review and grant the petition[,] despite [Hammand's] clear ineligibly for expungement?

Commonwealth's Brief at 3.[3]

We review an order granting or denying an expungement petition for an abuse of discretion. *See Commonwealth v. Furrer*, 48 A.3d 1279, 1281 (Pa. Super. 2012).[4] This Court has explained that "expungement of criminal records is governed by statute," and "[w]hen an individual has been convicted of the offenses charged, then expungement . . . *may be granted only under very limited circumstances* that are set forth by statute. [*See*] 18 Pa.C.S.[A.] § 9122." *Furrer*, 48 A.2d at 1281 (some citations omitted; emphasis added). Section 9122(a), which is not at issue here, provides for mandatory expungement when certain criteria are satisfied. *See* 18 Pa.C.S.A.

---

[2] The certified docket indicates the order was entered on April 26, 2022.

[3] Hammand filed no appellate brief.

[4] An abuse of discretion occurs when, *inter alia*, the trial court "has overridden or misapplied the law." *Commonwealth v. Cook*, 518 A.2d 858, 860 (Pa. Super. 1986).

9122(a). Section 9122(b) provides for discretionary expungement if the petitioner: (1) has, *inter alia*, reached the age of seventy; (2) has been deceased for three years; or (3) is seeking expungement of a summary offense and has remained arrest- and prosecution-free for five years following the conviction for that offense. **See** 18 Pa.C.S.A. § 9122(b)(1)-(3).

The Commonwealth argues that, because Hammand was under seventy years' old;[5] not deceased; and her conviction was for a first-degree misdemeanor, the trial court lacked statutory authority to expunge her simple assault conviction. **See** Commonwealth's Brief at 13.

The trial court considered the Commonwealth's issue and explained, merely, that "[Hammand] made a compelling argument [for] why the petition should be granted," and, therefore, the court "did not abuse its discretion by granting . . . expungement." Trial Court Opinion, 6/23/22, at 2.

Our review discloses that Hammand did not meet any of the statutory criteria that would authorize the trial court to expunge her misdemeanor simple assault conviction. **See**, **e.g.**, **Furrer**, 48 A.3d at 1282 (holding that section 9122 neither requires nor permits expungement of a simple assault conviction). Thus, the trial court misapplied the law and abused its discretion. Therefore, we reverse the order granting the expungement petition.

Order reversed.

---

[5] Hammand's petition specified that she was born in 1992. **See** Petition for Expungement, 1/13/22, at 1.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/9/2023