J-A27008-17

2018 PA Super 20

| TERRENCE GRAHAM, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| LYNNA FLIPPEN, | |
| Appellee | No. 649 WDA 2016 |

Appeal from the Order Entered April 1, 2016
In the Court of Common Pleas of Washington County
Civil Division at No(s): 2007-8347

| LYNNA FLIPPEN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRENCE GRAHAM, | |
| Appellant | No. 650 WDA 2016 |

Appeal from the Order Entered April 1, 2016
In the Court of Common Pleas of Washington County
Civil Division at No(s):
2007-4767
2008-9343
2010-1074

| LYNNA FLIPPEN, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| TERRENCE GRAHAM, | |

J-A27008-17

<table>
<tr><td></td><td></td></tr>
<tr><td>Appellant</td><td>No. 651 WDA 2016</td></tr>
</table>

Appeal from the Order Entered April 1, 2016
In the Court of Common Pleas of Washington County
Civil Division at No(s):
2007-4767
2008-9343
2010-1074

<table>
<tr><td>LYNNA FLIPPEN,</td><td>IN THE SUPERIOR COURT OF<br>PENNSYLVANIA</td></tr>
<tr><td>Appellee</td><td></td></tr>
<tr><td>v.</td><td></td></tr>
<tr><td>TERRENCE GRAHAM,</td><td></td></tr>
<tr><td>Appellant</td><td>No. 652 WDA 2016</td></tr>
</table>

Appeal from the Order Entered April 1, 2016
In the Court of Common Pleas of Washington County
Civil Division at No(s):
2007-4767
2008-9343
2010-1074

BEFORE:  BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

OPINION BY BENDER, P.J.E.:                    **FILED FEBRUARY 2, 2018**

Appellant, Terrence Graham, appeals *pro se* from the trial court's April 1, 2016 order denying his "Petition for Expungement" in three separate cases involving Protection from Abuse Act (PFA)[1] petitions filed by Appellee, Lynna Flippen, against Appellant (cases 2007-4767, 2008-9343, and 2010-

_____

[1] 23 Pa.C.S. §§ 6101-6122.

- 2 -

1074), and one case involving a PFA petition filed by Appellant against Flippen (case 2007-8374).[2] After careful review, we reverse the orders in each of the above-docketed cases, and remand to the trial court with instructions.

The trial court summarized the facts underlying this appeal, as follows:

> This matter involves four separate PFA petitions filed between [A]ppellant and [A]ppellee, Lynna Flippen, now deceased. These actions chronicle a horrific history of domestic violence between the parties, which culminated in the murder of Lynna Flippen and her acquaintance, Earnest Yarbrough, on May 13, 2010. Appellant is currently serving two life sentences [of incarceration] after having been convicted of their murders.
>
> Three of the PFA petitions in question were filed by the deceased[, Flippen,] against [A]ppellant, her former paramour and father of her child.[1] The fourth petition was filed by [A]ppellant as plaintiff against … [Flippen].[2]
>
> ---
>
> [1] See docket numbers: []2007-4767 (650 WDA 2016), []2008-9343 (651 WDA 2016) and []2010-1074 (652 WDA 2016).
>
> [2] See docket number: []2007-8347 (649 WDA 2016).
>
> On August 17, 2007, upon [A]ppellee's motion to withdraw or discontinue the action, the temporary PFA against [A]ppellant was dismissed at docket number []2007-4767. On October 31, 2008, upon [Flippen's] repeated failure to appear, the temporary PFA against [A]ppellant at docket number []2008-9343 was dismissed. On February 11, 2010, upon [Flippen's] agreement to withdraw her request for a continuance, the temporary PFA against [A]ppellant at docket number []2010-1074 was dismissed.

---

[2] Appellant filed a notice of appeal in each of his four underlying PFA cases, and then filed with this Court a petition to consolidate those appeals. We granted Appellant's petition and consolidated his appeals by *per curiam* order entered May 23, 2016.

The PFA petition filed by [A]ppellant as plaintiff and [Flippen] as defendant at docket number []2007-8347 was denied a temporary protective order, and a final order was entered after a hearing on October 26, 2007, denying [A]ppellant's petition.

On June 14, 2011, [A]ppellant was found guilty after a trial by jury, of the first[-]degree murders of … Flippen and Earnest Yarbrough. Appellant was also found guilty of abuse of [a] corpse and tampering with evidence. On July 26, 2011, Judge Paul Pozonsky sentenced [A]ppellant to two life sentences of incarceration. The guilty verdict and judgment of sentence [were] affirmed by the Superior Court on February 15, 2013. [*Commonwealth v. Graham*, 68 A.3d 364 (Pa. Super. 2013).] The petition for review was denied by the Supreme Court on August 23, 2013. [*Commonwealth v. Graham*, 74 A.3d 125 (Pa. 2013)].

On March 30, 2016, [A]ppellant filed a Petition for Expungement of Protection From Abuse ("PFA") Records on all four of the PFA docket numbers…. On [April 1], 2016, the trial court entered an order denying expungement of these PFA records.

Trial Court Opinion (TCO), 6/20/17, at 1-3 (some footnotes omitted).

Appellant filed timely, *pro se* notices of appeal in each of his four PFA cases. He also timely filed identical Pa.R.A.P. 1925(b) statements in each case. On June 20, 2017, the trial court filed a joint Rule 1925(a) opinion. Herein, Appellant raises three issues for our review:

I. Whether the PFA court erred by failing to address whether Appellant's PFA[] records meet the expungement criteria set forth by the [Pennsylvania] Supreme Court?

II. Whether the PFA court abused its discretion by denying expungement which is contrary to the expungement standard set by the [Pennsylvania] Supreme Court?

III. Whether the PFA court erred by denying Appellant a hearing in which he would have been able to present facts and evidence to support expunction as the proper remedy?

Appellant's Brief at 4 (citations and unnecessary capitalization omitted).

Appellant's three issues are interrelated and, thus, we will address them together. Essentially, Appellant contends that the trial court erred by denying his petition to expunge his four PFA cases, as he is entitled to expungement of those records as a matter of law under our Supreme Court's decision in *Carlacci v. Mazaleski*, 798 A.2d 186 (Pa. 2002), and this Court's rationale in *Commonwealth v. Charnik*, 921 A.2d 1214 (Pa. Super. 2007). Alternatively, Appellant claims that the court should have at least conducted a hearing to determine if he has met the requirements for expungement.

We begin by discussing the cases on which Appellant relies. First, in *Carlacci*, a temporary PFA order was issued against Carlacci; however, that order was ultimately ordered null and void, as per a stipulation entered by the parties. *Carlacci*, 798 A.2d at 187. In ruling that Carlacci was entitled to expungement of that record, our Supreme Court focused on the fact that the PFA petition was "discontinued before a hearing at which the plaintiff … would have had to meet the burden of proving by a preponderance of the evidence that the allegation of abuse contained in the PFA[] petition[] had occurred." *Carlacci*, 798 A.2d at 190-91. In other words, the trial court had never issued a permanent order or made any findings of fact that the allegations of abuse had actually happened; rather, the record contained only "bald allegations of prior alleged acts of abuse that were contained in [the plaintiff's] petition, nothing more." *Id.* at 191 (citation omitted).

- 5 -

After **Carlacci**, this Court decided **Charnik**.  There, a final PFA order was entered against Charnik following a hearing.  However, the plaintiff ultimately sought, and was granted, leave to withdraw that final PFA order.  Thereafter, Charnik petitioned for expungement of the PFA record.  In affirming the trial court's denial of Charnik's petition, we initially reiterated **Carlacci's** holding that "when a PFA[] petition filed against a PFA[] defendant has been dismissed by court order, … or the PFA[] proceedings never evolve beyond the temporary order stage, … expungement is proper **as a matter of law**."  **Charnik**, 921 A.2d at 1219-20 (emphasis added; relying on **Carlacci**, **supra**, and **P.E.S. v. K.L.**, 720 A.2d 487 (Pa. Super. 1998)).  However, we also declared that there exists an "expungement continuum" that "ranges from (a) illegal or void civil commitments, acquittals in criminal cases, and PFA matters that have not been proven and brought to final order (such as … **Carlacci**), where expungement is proper *as a matter of law,* to (b) non-conviction or arrest records, as in *nol pros* or ARD, where expungement is *a matter of judicial decision*…, and to (c) conviction records, where there is no right of expungement except *by statutory authorization* in limited circumstances."  **Id.** at 1220 (emphasis in original).  We then held that Charnik's PFA record was "closer to a conviction rather than a non-conviction record[,]" as "a final order was entered … only after facts were brought forth proving the allegations of abuse by a fair preponderance of the evidence…."  **Id.**  Thus, we held that expungement was not warranted, presumably because there is no statutory authorization

- 6 -

for the expungement of a PFA record, *id.* at 1218, and Charnik also did not meet the strict requirements for expungement of the records of a convicted person, *id.* at 1217.

Applying ***Carlacci*** and ***Charnik*** to the present case, it is clear that three of Appellant's PFA cases - 2007-4767, 2008-9343, and 2010-1074 - fall under prong (a) on the 'expungement continuum,' and warrant expungement as a matter of law. In those three cases, only temporary PFA orders were entered against Appellant, and each of those orders were ultimately dismissed before a hearing was held, at which Flippen would have had to prove her allegations of abuse by a preponderance of the evidence. Therefore, the records in those cases contain only bald, unproven allegations of abuse, to which Appellant is entitled to expungement as a matter of law.

In regard to Appellant's PFA record in case 2007-8374, the issue is not as clear. First, it is unusual that Appellant is seeking to expunge a record that he himself initiated by filing a PFA petition against Flippen. Additionally, a hearing was held in that case, and a final order was entered. However, the final order ***denied*** Appellant's request for PFA protection against Flippen. He was also denied a temporary PFA order against her. Thus, it is clear that the PFA allegations were never proven in case 2007-8374. Consequently, that case appears to also fall within prong (a) of the 'expungement continuum,' thereby warranting expungement as a matter of law. ***See Charnik***, 921 A.2d at 1220 ("The expungement continuum ranges from (a) illegal or void civil commitments, acquittals in criminal cases, and **PFA**

**matters that have not been proven** and brought to final order..., where expungement is proper as a matter of law.") (italicized emphasis omitted; bolded emphasis added).

Next, we briefly discuss the trial court's attempt to distinguish Appellant's PFA cases from *Carlacci*, and its rationale for deciding that his expungement petitions were properly denied under *Charnik*. First, in distinguishing *Carlacci*, the court reasoned:

> Here, unlike *Carlacci*, the PFA records which [Appellant] seeks to expunge were admitted into evidence during [A]ppellant's criminal homicide trial held on June 14, 2011. At the conclusion of the trial by jury, [A]ppellant was found guilty of first[-]degree murder for the deaths of [A]ppellee Lynna Flippen, the plaintiff on three of the PFAs in question, and the defendant on the fourth, and her acquaintance[,] Earnest Yarbrough. Thus, applying the [*Commonwealth v.*] *Wexler*[, 431 A.2d 877 (Pa. 1981),] balancing test,[3] the trial court concluded that there are legitimate reasons for maintaining the records, namely that the expungement of the temporary PFA records essentially would be tantamount to destruction of evidence used in [A]ppellant's murder trial.

TCO at 5.

_____

[3] In *Wexler*, our Supreme Court declared that in the case of a request to expunge a criminal arrest record, the court "must balance the individual's right to be free from the harm attendant to the maintenance of the arrest record against the Commonwealth's interest in preserving such records." *Wexler*, 431 A.2d at 879. In conducting this balancing test, certain factors should be weighed, including, but not limited to, "the strength of the Commonwealth's case against the petitioner, the reasons the Commonwealth gives for wishing to retain the records, the petitioner's age, criminal record, and employment history, the length of time that has elapsed between the arrest and the petition to expunge, and the specific adverse consequences the petitioner may endure should expunction be denied." *Id.*

The court's rationale is unconvincing. Initially, we have explicitly declared that it is improper to apply the **Wexler** balancing test where, as in this case, expungement is proper as a matter of law. **See Charnik**, 921 A.2d at 1219 (declaring that where "expungement [is] proper as a matter of law[,] … the **Wexler** balancing test [is] unnecessary*")* (citing **Carlacci***,* 798 A.2d at 191). Additionally, we stress that expunging the at-issue PFA cases from Appellant's record will not erase them from the evidentiary record of his murder trial. Appellant's PFA records were properly admitted at that trial, and they will remain in the record thereof, regardless of our decision in this appeal.

Second, the trial court found that our decision in **Charnik** supports its conclusion that expungement is not warranted in Appellant's case. The court reasoned:

> In **Charnik**, the Superior Court denied appellant Theodore Charnik's PFA expungement request on grounds that "it would be inappropriate, as well as fruitless, to expunge the PFA record when the criminal record would indicate indirect criminal contempt convictions stemming from violations of a PFA order." … **Charnik**, 921 A.2d [at] 1221…. Likewise, the trial court found that it would be inappropriate and fruitless in the instant case to expunge the temporary PFA records when [Appellant] was subsequently convicted of murdering the woman who was seeking protection under the PFAs, especially given that the temporary PFA records were used as evidence during [A]ppellant's murder trial.

TCO at 6.

The trial court misconstrues our holding in **Charnik**, which was that Charnik was "not entitled to seek expungement of his PFA record[,]" **as it**

- 9 -

was *"closer to a conviction record rather than a non-conviction record."* ***Charnik***, 921 A.2d at 1220 (emphasis added). Directly following this holding, we stated:

> We note that the facts of this case illustrate a typical sequence in an abusive relationship; the abuse, the remorse, the forgiveness, and the repetition of that cycle. Absent extraordinary cause, allowing a hearing to clear a record of abuse **after a final order** simply because the victim decided to forgive or "withdraw," would not only draft the judiciary into the psychological struggle, but would overwhelm its already limited resources. The fact remains that **a final PFA order was entered after notice and hearing**, and, in addition, there were two contempts of that order that resulted in convictions, which remain on Charnik's record. As the trial court indicated, it would be inappropriate, as well as fruitless, to expunge the PFA record when the criminal record would indicate indirect criminal contempt convictions stemming from violation of a PFA order.

*Id.* at 1221 (emphasis added). Clearly, not only was this portion of our decision *dicta*, but our rationale was premised on the fact that, after a hearing, a final PFA order had been entered, finding that Charnik had committed the alleged abuse. The same is not true in Appellant's four PFA cases. Accordingly, contrary to the trial court's conclusion, ***Charnik*** does not support the denial of Appellant's expungement requests.

For all of these reasons, we reverse the trial court's orders denying Appellant's petitions for expungement filed in each of his four underlying PFA cases. We remand this case to the trial court to enter an order expunging the dockets related to the PFA petitions filed in each of Appellant's four cases.

Order in cases 2007-4767, 2008-9343, 2010-1074, and 2007-8374 reversed. Cases remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/2/2018