J-A07003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| A.V.W. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| V. | : | |
| | : | |
| | : | |
| | : | |
| K.R.D. | : | |
| | : | |
| Appellant | : | No. 877 MDA 2019 |

Appeal from the Order Entered April 29, 2019
In the Court of Common Pleas of Centre County Civil Division at No(s):
2018-0807

BEFORE:  OLSON, J., DUBOW, J., and McLAUGHLIN, J.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 23, 2020**

Appellant, K.R.D., appeals from the order entered on April 29, 2019 denying his petition for the expungement of a temporary order entered against him pursuant to the Protection From Abuse (PFA) Act.[1]  After careful consideration, we vacate and reverse.

The trial court briefly summarized the facts and procedural history of this case as follows:

> On February 26, 2018, [A.V.W.] filed a petition for [a PFA] under the Protection from Abuse Act (PFAA) codified at 23 Pa.C.S.A. §§ 6101-6122.  In her PFA[, A.V.W.] alleged one incident of threatened sexual assault and one incident of actual sexual assault perpetrated by [Appellant].  A temporary PFA [o]rder was entered February 26, 2018.  The temporary PFA was continued on March 12, 2018 at [A.V.W.'s] request.  The temporary PFA was again continued on April 26, 2018.   [A.V.W.] filed a motion to withdraw the PFA and [the trial court] dismissed the PFA without prejudice on June 22, 2018.  On October 2, 2018[, Appellant] filed

_____

[1] 23 Pa.C.S.A. §§ 6101-6122.

a [p]etition for [e]xpungement of [the PFA]. On November 27, 2018, a [r]ule was entered against [A.V.W.] to show cause why [Appellant's] petition should not be granted. A hearing on [Appellant's] motion was held on December 28, 2018. [The trial court] entered an [o]rder denying [Appellant's] petition [to expunge the PFA] on April 29, 2019.

Trial Court Opinion, 7/15/2019, at 1-2.

The trial court determined that Appellant "did not have an absolute right to expungement of his record, and [] needed to show a particularized harm before he would have a right to expungement." *Id.* at 2. More specifically, it concluded:

> Here, the record reflects an alleged abusive relationship between [A.V.W.] and [Appellant]. [A.V.W.] alleged [Appellant] threatened to sexually assault her, and alleged [Appellant] raped her in 2017. Further, [A.V.W.] alleged [Appellant] has slapped her and choked her on previous occasions. Due to the severity of the alleged abuse, the [trial c]ourt, in its discretion, determined [Appellant's] PFA record should not be expunged.

*Id.* This timely appeal resulted.[2]

On appeal, Appellant presents the following issue for our review:

I. Whether the trial court erred as a matter of law and also abused its discretion in denying Appellant['s] petition for expungement of [the PFA] where the temporary PFA order at issue was dismissed by the trial court, the PFA proceedings never evolved beyond the temporary order stage, and where there had never been a finding or admission of physical or any other type of abuse on the part of Appellant[?]

Appellant's Brief at 5.

_____

[2] Appellant filed a notice of appeal on May 28, 2019. He filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on June 11, 2019. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on July 15, 2019.

Appellant claims that the trial court erred as a matter of law by failing to expunge the PFA at issue. More specifically, Appellant asserts that the trial court erred by relying upon the "severity of the alleged abuse" as set forth in the PFA petition to deny Appellant expungement relief. *Id.* at 8. He claims that since the PFA court did not issue a permanent PFA order against him or otherwise make any findings of fact in this matter, the record only contains bald allegations of purported acts of alleged abuse. *Id.* at 11-13. Accordingly, Appellant maintains he is entitled to expungement as a matter of law pursuant to our Supreme Court's decision in *Carlacci v. Mazaleski*, 798 A.2d 186 (Pa. 2002), and this Court's rationale in *Commonwealth v. Charnik*, 921 A.2d 1214 (Pa. Super. 2007) and *Graham v. Flippen*, 179 A.3d 85, 87 (Pa. Super. 2018). *See* Appellant's Brief at 11-13.

We review the trial court's decision for an abuse of discretion or error of law. *See Graham*, 179 A.3d at 88. The *Graham* Court summarized the law regarding the expungement of PFA records as follows:

> [I]n *Carlacci*, a temporary PFA order was issued against Carlacci; however, that order was ultimately ordered null and void, as per a stipulation entered by the parties. *Carlacci*, 798 A.2d at 187. In ruling that Carlacci was entitled to expungement of that record, our Supreme Court focused on the fact that the PFA petition was "discontinued before a hearing at which the plaintiff ... would have had to meet the burden of proving by a preponderance of the evidence that the allegation of abuse contained in the PFA[ ] petition[ ] had occurred." *Carlacci*, 798 A.2d at 190–191. In other words, the trial court [] never issued a permanent order or made any findings of fact that the allegations of abuse [] actually happened; rather, the record contained only "bald allegations of prior alleged acts of abuse that were contained in [the plaintiff's] petition, nothing more." *Id.* at 191 (citation omitted).

- 3 -

After **Carlacci**, this Court decided **Charnik**. There, a final PFA order was entered against Charnik following a hearing. However, the plaintiff ultimately sought, and was granted, leave to withdraw that final PFA order. Thereafter, Charnik petitioned for expungement of the PFA record.

In affirming the trial court's denial of Charnik's petition, we initially reiterated **Carlacci**'s holding that "when a PFA[ ] petition filed against a PFA[ ] defendant has been dismissed by court order, ... or the PFA[ ] proceedings never evolve beyond the temporary order stage, ... expungement is proper **as a matter of law**." **Charnik**, 921 A.2d at 1219–1220 (emphasis added; relying on **Carlacci**, **supra**, and **P.E.S. v. K.L.**, 720 A.2d 487 (Pa. Super. 1998)). However, we also declared that there exists an "expungement continuum" that "ranges from (a) illegal or void civil commitments, acquittals in criminal cases, and PFA matters that have not been proven and brought to final order (such as ... **Carlacci** ), where expungement is proper as a matter of law, to (b) non-conviction or arrest records, as in *nol pros* or ARD, where expungement is **a matter of judicial decision**..., and to (c) conviction records, where there is no right of expungement except **by statutory authorization** in limited circumstances." **Id.** at 1220 (emphasis in original). We then held that Charnik's PFA record was "closer to a conviction rather than a non-conviction record[,]" as "a final order was entered ... only after facts were brought forth proving the allegations of abuse by a fair preponderance of the evidence...." **Id.** Thus, we held that expungement was not warranted, presumably because there is no statutory authorization for the expungement of a PFA record, **id.** at 1218, and Charnik also did not meet the strict requirements for expungement of the records [by a person convicted of a crime], **id.** at 1217.

Applying **Carlacci** and **Charnik** to [**Graham**], [this Court determined] that three of [Graham's] PFA cases [fell] under prong (a) on the 'expungement continuum,' and warrant[ed] expungement as a matter of law. In those three cases, only temporary PFA orders were entered against [Graham], and each of those orders were ultimately dismissed before a hearing was held, at which Flippen would have had to prove her allegations of abuse by a preponderance of the evidence. Therefore, the [three] records [at issue] contain[ed] only bald, unproven allegations of

abuse, to which [Graham was] entitled to expungement as a matter of law.

***Graham***, 179 A.3d at 87–88 (emphasis in original).

Here, A.V.W. filed for a PFA against Appellant. There is no dispute, however, that the PFA court only entered a temporary PFA in this matter by agreement of the parties. Thereafter, the PFA court ultimately dismissed the temporary PFA by order, before holding a hearing on the merits of the allegations set forth in A.V.W.'s PFA petition and before issuing a final PFA order. Accordingly, the purported facts contained in A.V.W.'s PFA petition constituted mere bald allegations of abuse, not facts proven by a preponderance of the evidence. As such, based upon ***Carlacci***, ***Charnik***, and ***Graham***, Appellant is entitled to expungement as a matter of law.

Order vacated and reversed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/23/2020