J-S41034-20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| L.J.R., | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| Z.L.V.H., | : | |
| | : | |
| Appellant | : | No. 519 MDA 2020 |

Appeal from the Order Entered February 18, 2020
in the Court of Common Pleas of York County
Civil Division at No(s): 18-FC-1329-12

BEFORE:  KUNSELMAN, J., McLAUGHLIN, J. and STRASSBURGER, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                     **FILED MAY 12, 2021**

Z.L.V.H. appeals from the order entered on February 18, 2020, denying his petition for the expungement of a temporary order entered against him pursuant to the Protection from Abuse (PFA) Act, 23 Pa.C.S.A. §§ 6101-6122.  After review, we reverse the order and remand to the trial court with instructions.

We summarize the factual and procedural background of this case as follows.  On June 29, 2018, L.J.R., Z.L.V.H's girlfriend, filed a PFA petition seeking a temporary protective order against Z.L.V.H., followed by a final order after a hearing on the matter.  That same day, L.J.R.'s petition for the temporary PFA order was granted and a hearing was scheduled for July 12, 2018.  Prior to the hearing, on July 6, 2018, L.J.R. filed a motion to withdraw

_____

[*] Retired Senior Judge assigned to the Superior Court.

her PFA petition. On July 10, 2018, L.J.R.'s motion was granted and the temporary PFA order was vacated without a final hearing being held.

On January 29, 2020, Z.L.V.H. filed a petition for expungement of the June 29, 2018 temporary PFA order, wherein he claimed the order was harming his reputation and ability to seek employment. Z.L.V.H.'s Petition to Expunge, 1/29/2020, at 2 (pagination provided). A hearing was held on the matter on February 6, 2020,[1] after which, on February 18, 2020, the trial court denied Z.L.V.H.'s petition for expungement. Specifically, the trial court relied on **Commonwealth v. Wexler**, 431 A.2d 877 (Pa. 1981), finding that insufficient time had elapsed between the PFA petition and the request for expungement.[2] As a result, the trial court dismissed Z.L.V.H.'s petition without prejudice, and provided Z.L.V.H. leave to re-file his petition for expungement after one year following the date of entry of the order, *i.e.*, February 18, 2021.

---

[1] L.J.R. did not participate in the hearing.

[2] To provide background, in **Wexler**, our Supreme Court declared that in the case of a request to expunge a criminal arrest record, the court "must balance the individual's right to be free from the harm attendant to the maintenance of the arrest record against the Commonwealth's interest in preserving such records." 431 A.2d at 879. In conducting this balancing test, certain factors should be weighed, including, but not limited to, "the strength of the Commonwealth's case against the petitioner, the reasons the Commonwealth gives for wishing to retain the records, the petitioner's age, criminal record, and employment history, **the length of time that has elapsed between the arrest and the petition to expunge**, and the specific adverse consequences the petitioner may endure should [expungement] be denied." **Id.** (emphasis added).

This timely-filed appeal followed.[3]   On appeal, Z.L.V.H. presents the following issue for our review.

> I.     Did the trial court abuse its discretion by conducting a ***Wexler***[, 431 A.2d at 877] analysis when deciding a petition to expunge a temporary [PFA]  order and by denying the same petition based upon a ***Wexler*** factor (lack of passage of time since its issuance)?

Z.L.V.H.'s Brief at 7.

We review the trial court's decision to grant or deny expungement of non-conviction records for an abuse of discretion or error of law.  ***See Commonwealth v. Wolfe***, 749 A.2d 507, 509 (Pa. Super. 2000).  At the outset, we note the trial court, in its Rule 1925(a) opinion, conceded it erred by conducting a ***Wexler*** analysis.  Trial Court Opinion, 5/18/2020, at 2.  Thus, if this Court were to remand to the trial court, the trial court stated it would grant Z.L.V.H.'s petition for expungement.  ***Id.*** at 3.

> By way of background,
>
> The expungement continuum ranges from (a) illegal or void civil commitments, acquittals in criminal cases, and PFA matters that have not been proven and brought to final order [], where expungement is proper **as a matter of law**, to (b) non-conviction or arrest records, as in *nol pros* or [Accelerated Rehabilitation Disposition], where expungement is *a* **matter of judicial decision** (such as ***Wexler***), and to (c) conviction records, where there is no right of expungement except **by statutory authorization** in limited circumstances.

***Commonwealth v. Charnik***, 921 A.2d 1214, 1220 (Pa. Super. 2007) (emphasis in original). Our Supreme Court has held that "the ***Wexler***

---

[3] Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

balancing is unnecessary when: (1) a PFA[] petition filed against a PFA[] defendant has been dismissed by court order[]; or (2) the PFA[] proceedings never evolve beyond the temporary order stage[.]" ***Carlacci v. Mazaleski***, 798 A.2d 186, 191 (Pa. 2002).

In the instant case, L.J.R. filed for a PFA order against Z.L.V.H.. Thereafter, the PFA court entered a temporary PFA order. Upon L.J.R.'s motion to withdraw her PFA petition, the PFA court ultimately vacated the temporary PFA order. There is no dispute that a final PFA order was never entered. Accordingly, the averments in L.J.R.'s PFA petition are allegations of abuse, not facts proven by a preponderance of the evidence. ***See Graham v. Flippen***, 179 A.3d 85, 88 (Pa. Super. 2018) (holding Graham was entitled to expungement because PFA records in cases initiated by Graham's paramour contained bald, unproven allegations of abuse, as only temporary PFA orders were entered against Graham and the orders were dismissed before a hearing was held). As such, Z.L.V.H. is entitled to expungement as a matter of law.

For these reasons, we reverse the trial court's order denying Z.L.V.H.'s petition for expungement. We remand this case to the trial court to enter an order expunging the temporary PFA order.

Order reversed. Case remanded with instructions. Jurisdiction relinquished.

*Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 05/12/2021